IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1 ) | |
| ) | |
| *Plaintiff,* ) | Civil Action No. _____ |
| ) | |
| VS. ) | |
| ) | |
| OMNIVISION TECHNOLOGIES, INC. ) | **JURY TRIAL DEMANDED** |
| ) | |
| *Defendant.* ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Godo Kaisha IP Bridge 1, by and through its undersigned counsel, files this action for patent infringement against OmniVision Technologies, Inc. as follows:

### THE PARTIES

1.      Godo Kaisha IP Bridge 1 ("IP Bridge" or "Plaintiff") is a Japanese corporation having a principal address of c/o Sakura Sogo Jimusho, 1-11 Kanda Jimbocho, Chiyoda-ku, Tokyo 101-0051 Japan.

2.      OmniVision Technologies, Inc. ("OmniVision" or "Defendant") is a corporation organized under the laws of Delaware with its principal place of business at 4275 Burton Drive, Santa Clara, California 95054.

### JURISDICTION AND VENUE

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This is a patent infringement lawsuit, over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.      OmniVision is subject to general personal jurisdiction in this Court because it is a

Delaware corporation. OmniVision has a registered agent for service of process in this State. It has conducted and does conduct business in and through this State.

5.      If the Court finds it cannot exercise general jurisdiction, it has specific personal jurisdiction over OmniVision. Directly or through intermediaries (including distributors, retailers, and others), OmniVision ships, distributes, offers for sale, and/or sells its products in the United States and in the State of Delaware. OmniVision has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that they will be purchased by consumers in the state of Delaware. Upon information and belief, OmniVision has committed acts of patent infringement within the State of Delaware.

6.      Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), (b)(2), and/or (c), as well as 28 U.S.C. § 1400(b).

## PATENTS-IN-SUIT

7.      On March 25, 2003, the United States Patent and Trademark Office issued U.S. Patent No. US 6,538,324 entitled "Multi-layered wiring layer and method of fabricating the same" (the "'324 Patent"). A true and correct copy of the '324 Patent is attached hereto as Exhibit A.

8.      On September 21, 2004, the United States Patent and Trademark Office issued U.S. Patent No. US 6,794,677 entitled "Semiconductor integrated circuit device and method for fabricating the same" (the "'677 Patent"). A true and correct copy of the '677 Patent is attached hereto as Exhibit B.

9.      On March 23, 2004, the United States Patent and Trademark Office issued U.S. Patent No. US 6,709,950 entitled "Semiconductor device and method of manufacturing the same" (the "'950 Patent"). A true and correct copy of the '950 Patent is attached hereto as

Exhibit C.

10.     On October 24, 2006, the United States Patent and Trademark Office issued U.S. Patent No. US 7,126,174 entitled "Semiconductor device and method of manufacturing the same" (the "'174 Patent"). A true and correct copy of the '174 Patent is attached hereto as Exhibit D.

11.     On December 27, 2011, the United States Patent and Trademark Office issued U.S. Patent No. US 8,084,796 entitled "Solid state imaging apparatus, method for driving the same and camera using the same" (the "'796 Patent"). A true and correct copy of the '796 Patent is attached hereto as Exhibit E.

12.     On January 31, 2012, the United States Patent and Trademark Office issued U.S. Patent No. US 8,106,431 entitled "Solid state imaging apparatus, method for driving the same and camera using the same" (the "'431 Patent"). A true and correct copy of the '431 Patent is attached hereto as Exhibit F.

13.     On February 19, 2013, the United States Patent and Trademark Office issued U.S. Patent No. US 8,378,401 entitled "Solid state imaging apparatus, method for driving the same and camera using the same" (the "'401 Patent"). A true and correct copy of the '401 Patent is attached hereto as Exhibit G.

14.     On October 9, 2007, the United States Patent and Trademark Office issued U.S. Patent No. US 7,279,727 entitled "Semiconductor device" (the "'727 Patent"). A true and correct copy of the '727 Patent is attached hereto as Exhibit H.

15.     On May 4, 2010 the United States Patent and Trademark Office issued U.S. Patent No. US 7,709,900 entitled "Semiconductor device" (the "'900 Patent"). A true and correct copy of the '900 Patent is attached hereto as Exhibit I.

16.     On October 26, 2010, the United States Patent and Trademark Office issued U.S. Reissue Patent No. 41,867 entitled "MOS image pick-up device and camera incorporating same" (the "'867 Patent"). A true and correct copy of the '867 Patent is attached hereto as Exhibit J.

17.     The '324 Patent, '677 Patent, '950 Patent, '174 Patent, '796 Patent, '431 Patent, '401 Patent, '727 Patent, '900 Patent, and '867 Patent are collectively referred to herein as the "IP Bridge Patents."

## NOTICE AND PRE-SUIT NEGOTIATIONS

18.     As a matter of policy, IP Bridge does not file lawsuits before first making great efforts to negotiate a reasonable license. As part of that policy, on or before March 1, 2016, counsel for IP Bridge contacted OmniVision's counsel and informed the latter that an undisclosed entity had several patents that it was going to assert against multiple OmniVision CMOS image sensing products, but would agree to forego suing if OmniVision would agree to exchange information and meet in good faith in advance. OmniVision's counsel called back and confirmed that his client would prefer to meet pre-suit. Over the next several days, IP Bridge's counsel, directly as a result of OmniVision's agreement to meet and negotiate pre-suit, identified IP Bridge as the assignee of the patents. Thus, no later than early March 2016, IP Bridge contacted OmniVision to meet to discuss OmniVision's back side illumination ("BSI") image sensors that infringe the patents-in-suit.

19.     On March 11, 2016, OmniVision's counsel again confirmed his client's willingness to meet, and based upon that agreement IP Bridge's counsel sent OmniVision's counsel a draft Forbearance Agreement. On March 15, 2016, OmniVision's attorney sent a revised form of the Forbearance Agreement and requested claim charts for the patents to be asserted. By March 18, 2016, in reliance upon OmniVision's promises to meet and negotiate in

4

good faith, IP Bridge executed a final Forbearance Agreement and sent a copy of the executed agreement to OmniVision.

20.    For much of the rest of March, the parties continued discussing mutually convenient dates for conferring in person. In addition, to facilitate discussions and in reliance on OmniVision's agreement to meet, IP Bridge sent claim charts for the patents-in-suit to OmniVision under the nondisclosure terms of the agreement.

21.    Specifically relying upon OmniVision's promises to meet in good faith, on March 28, 2016, IP Bridge's counsel sent OmniVision's counsel a cover letter and a secure file transfer protocol link to claim charts and each of the patents in suit. The claim charts identified the OmniVision PureCel CMOS part no. OV8858 as a product that infringed one or more claims of each of the 10 patents in suit. Therefore, OmniVision had notice of its infringement of each patent in suit no later than March 28, 2016.

22.    Specifically relying upon OmniVision's promises to meet in good faith, on March 29, March 30, March 31 and April 7, IP Bridge's counsel sent OmniVision's counsel cover letters and additional claim charts that read one or more claims of the patents in suit on the OmniVision PureCel-S CMOS part no. OV23850 (March 29 letter), OmniVision OmniBSI-2 CMOS part nos. OV4689 and OV8850 (March 30 letter), OmniVision OmniBSI CMOS part nos. OV5650 and OV10640 (March 31 letter), and an additional claim chart for the OV8850 part (April 7 letter).

23.    On April 1, 2016, OmniVision's counsel asked IP Bridge to confirm that all claim charts for discussion had been sent. By this time, the parties had agreed to a meeting on April 20, 2016 at OmniVision's headquarters in California. Arrangements had been made for IP Bridge personnel to fly from Japan to California for the meeting.

24.     On or about April 8, 2016, after receiving the executed Forbearance Agreement and the claim charts, OmniVision unilaterally canceled the April 20, 2016 meeting. By this point, OmniVision had hired new counsel. Despite being repeatedly contacted by IP Bridge's counsel demanding either return of the material (and destruction of all copies) *or* a rescheduling of the meeting, OmniVision's new counsel refused to reschedule any meeting, refused to return or destroy any of the confidential information that IP Bridge provided based upon OmniVision's repeated promises to meet in good faith, and refused to even discuss the matter over the telephone. When IP Bridge contacted the replaced counsel on April 8, 2016 to discuss the broken promises and agreements by subsequent counsel, his response was "all I can say is no comment."

25.     IP Bridge repeatedly communicated to OmniVision's new counsel that unless a meeting was rescheduled *or* OmniVision returned the confidential material, IP Bridge would consider all prior agreements between the parties materially breached and rescinded by OmniVision and therefore null and void, and that IP Bridge would immediately file suit. OmniVision refused to reschedule the meeting or return the confidential information so this suit was prepared and filed.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,538,324

26.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.     IP Bridge is the owner of all rights, title, and interest in and under the '324 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

28.     The '324 Patent is valid and enforceable.

29.     OmniVision has at no time, either expressly or impliedly, been licensed under the

'324 Patent.

30.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '324 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '324 Patent including, but not limited to, BSI sensors incorporating OmniBSI-2 and/or PureCel technologies, and devices that perform substantially the same function as an invention claimed in the '324 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '324 Patent include, but are not limited to, OmniBSI-2 OV4689 (claims 1, 5, 9), and PureCel OV8858 (claims 1, 2, 3, 5, 6, 7, 9). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '324 Patent covers at least one infringing instrumentality is attached hereto as Exhibit K and incorporated herein by reference.

31.     OmniVision has had actual notice of its infringement of the '324 Patent since no later than March 28, 2016.

32.     OmniVision has and is continuing to actively and knowingly induce, with specific intent, infringement of the '324 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '324 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the

inventions of the '324 Patent, knowing those image sensors to be especially made or adapted to infringe the '324 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '324 Patent.

33.    OmniVision has and is continuing to willfully infringe the '324 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

**COUNT II**
**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,794,677**

34.    IP Bridge repeats and re-alleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.    IP Bridge is the owner of all rights, title, and interest in and under the '677 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

36.    The '677 Patent is valid and enforceable.

37.    OmniVision has at no time, either expressly or impliedly, been licensed under the '677 Patent.

38.    Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '677 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '677

Patent including, but not limited to, BSI image sensors incorporating OmniBSI, OmniBSI-2, and/or PureCel technologies, and devices that perform substantially the same function as an invention claimed in the '677 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '677 Patent include, but are not limited to, OmniBSI OV5650 (claims 1, 2, 4, 5), OmniBSI OV8850 (claims 1, 2, 4, 5), and PureCel OV8858 (claims 1, 2, 4, 5). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '677 Patent covers at least one infringing instrumentality is attached hereto as Exhibit L and incorporated herein by reference.

39.    OmniVision has had actual notice of its infringement of the '677 Patent since no later than March 28, 2016.

40.    OmniVision is continuing to actively and knowingly induce, with specific intent, infringement of the '677 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '677 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '677 Patent, knowing those image sensors to be especially made or adapted to infringe the '677 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '677 Patent.

41.     OmniVision has and is continuing to willfully infringe the '677 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT III
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,709,950

42.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-41 as though fully set forth herein.

43.     IP Bridge is the owner of all rights, title, and interest in and under the '950 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

44.     The '950 Patent is valid and enforceable.

45.     OmniVision has at no time, either expressly or impliedly, been licensed under the '950 Patent.

46.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. §§ 271(a) and/or 271(g), and/or equivalently under the doctrine of equivalents, infringing the '950 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products made by one or more processes that fall within the scope of one or more claims of the '950 Patent including, but not limited to, BSI image sensors incorporating OmniBSI-2 and/or PureCel technologies, and devices made by one or more processes that perform substantially the same function as an invention claimed in the '950 Patent in substantially the same way to achieve substantially the same result. Such infringement has occurred during the term of the '950 Patent. Upon information and belief, image sensors made

by one or more processes that infringe the '950 Patent include, but are not limited to, OmniBSI OV4689 (claims 17-19, 21) and PureCel OV8858 (claims 12, 13, 15, 17-19, 21), and are neither materially changed by subsequent processes nor do they become trivial or nonessential components of another product. To illustrate the infringements, a claim chart demonstrating how at least one claim of the '950 Patent covers at least one infringing instrumentality is attached hereto as Exhibit M and incorporated herein by reference.

47.   OmniVision has had actual notice of its infringement of the '950 Patent since no later than March 28, 2016.

48.   OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '950 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '950 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '950 Patent, knowing those image sensors to be especially made or adapted to infringe the '950 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '950 Patent.

49.   OmniVision has and is continuing to willfully infringe the '950 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its

infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT IV
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,126,174

50.    IP Bridge repeats and re-alleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.    IP Bridge is the owner of all rights, title, and interest in and under the '174 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

52.    The '174 Patent is valid and enforceable.

53.    OmniVision has at no time, either expressly or impliedly, been licensed under the '174 Patent.

54.    Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '174 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '174 Patent including, but not limited to, BSI image sensors incorporating OmniBSI, OmniBSI-2, PureCel, and/or PureCel-S technologies, and devices that perform substantially the same function as an invention claimed in the '174 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '174 Patent include, but are not limited to, OmniBSI OV10640 (claims 1, 4, 5, 8, 11, 12, 14), OmniBSI OV5650 (claims 1, 3, 4, 5, 8, 11, 12, 14), OmniBSI-2 OV 8850 (claims 1, 4, 5, 8-12,

12

14), PureCel OV8858 (claims 1, 3, 4, 5, 8-12, 14), and PureCel-S OV2380 (claims 1, 4, 5, 8-12, 14). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '174 Patent covers at least one infringing instrumentality is attached hereto as Exhibit N and incorporated herein by reference.

55.     OmniVision has had actual notice of its infringement of the '174 Patent since no later than March 28, 2016.

56.     OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '174 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '174 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '174 Patent, knowing those image sensors to be especially made or adapted to infringe the '174 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '174 Patent.

57.     OmniVision has and is continuing to willfully infringe the '174 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was

known to OmniVision or so obvious that OmniVision should have known it.

## COUNT V
## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,084,796

58.      IP Bridge repeats and re-alleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.      IP Bridge is the owner of all rights, title, and interest in and under the '796 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

60.      The '796 Patent is valid and enforceable.

61.      OmniVision has at no time, either expressly or impliedly, been licensed under the '796 Patent.

62.      Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '796 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '796 Patent including, but not limited to, BSI image sensors incorporating PureCel and/or PureCel-S technologies, and devices that perform substantially the same function as an invention claimed in the '796 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '796 Patent include, but are not limited to, PureCel OV8858 (claims 1-4) and PureCel-S OV23850 (claims 1-4). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '796 Patent covers at least one infringing instrumentality is attached hereto as Exhibit O and incorporated herein by reference.

63.      OmniVision has had actual notice of its infringement of the '796 Patent since no

later than March 28, 2016.

64.    OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '796 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '796 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '796 Patent, knowing those image sensors to be especially made or adapted to infringe the '796 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '796 Patent.

65.    OmniVision has and is continuing to willfully infringe the '796 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT VI
## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,106,431

66.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-65 as though fully set forth herein.

67.     IP Bridge is the owner of all rights, title, and interest in and under the '431 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

68.     The '431 Patent is valid and enforceable.

69.     OmniVision has at no time, either expressly or impliedly, been licensed under the '431 Patent.

70.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '431 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '431 Patent including, but not limited to, BSI image sensors incorporating OmniBSI, OmniBSI-2, PureCel, and/or PureCel-S technologies, and devices that perform substantially the same function as an invention claimed in the '431 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '431 Patent include, but are not limited to, OmniBSI OV5650 (claim 5), OmniBSI-2 OV8850 (claim 5), PureCel OV8858 (claims 1, 3, 4, 9, 11, 12), and PureCel-S OV23850 (claims 1, 3, 4, 9, 11, 12). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '431 Patent covers at least one infringing instrumentality is attached hereto as Exhibit P and incorporated herein by reference.

71.     OmniVision has had actual notice of its infringement of the '431 Patent since no

later than March 28, 2016.

72.     OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '431 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '431 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '431 Patent, knowing those image sensors to be especially made or adapted to infringe the '431 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '431 Patent.

73.     OmniVision has and is continuing to willfully infringe the '431 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

### COUNT VII
### PATENT INFRINGEMENT OF U.S. PATENT NO. 8,378,401

74.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.     IP Bridge is the owner of all rights, title, and interest in and under the '401 Patent

with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

76.     The '401 Patent is valid and enforceable.

77.     OmniVision has at no time, either expressly or impliedly, been licensed under the '401 Patent.

78.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '401 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '401 Patent including, but not limited to, BSI image sensors incorporating OmniBSI-2, PureCel, and/or PureCel-S technologies, and devices that perform substantially the same function as an invention claimed in the '401 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '401 Patent include, but are not limited to, OmniBSI OV8850 (claims 1, 2, 3, 8, 29), PureCel OV8858 (claims 1-5, 8, 9, 11-13, 29), and PureCel-S OV23850 (claims 1-5, 8, 9, 11-13, 29). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '401 Patent covers at least one infringing instrumentality is attached hereto as Exhibit Q and incorporated herein by reference.

79.     OmniVision has had actual notice of its infringement of the '401 Patent since no later than March 28, 2016.

80.     OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '401 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '401 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale,

selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '401 Patent, knowing those image sensors to be especially made or adapted to infringe the '401 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '401 Patent.

81.    OmniVision has and is continuing to willfully infringe the '401 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT VIII
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,279,727

82.    IP Bridge repeats and re-alleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.    IP Bridge is the owner of all rights, title, and interest in and under the '727 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

84.    The '727 Patent is valid and enforceable.

85.    OmniVision has at no time, either expressly or impliedly, been licensed under the

'727 Patent.

86.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '727 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '727 Patent including, but not limited to, BSI image sensors incorporating OmniBSI-2 and/or PureCel technologies, and devices that perform substantially the same function as an invention claimed in the '727 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '727 Patent include, but are not limited to, OmniBSI OV8850 (claims 1, 10, 11), and PureCel OV8858 (claims 1, 10, 11).  To illustrate the infringements, a claim chart demonstrating how at least one claim of the '727 Patent covers at least one infringing instrumentality is attached hereto as Exhibit R and incorporated herein by reference.

87.     OmniVision has had actual notice of its infringement of the '727 Patent since no later than March 28, 2016.

88.     OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '727 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '727 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the

inventions of the '727 Patent, knowing those image sensors to be especially made or adapted to infringe the '727 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '727 Patent.

89.     OmniVision has and is continuing to willfully infringe the '727 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT IX
## PATENT INFRINGEMENT OF U.S. PATENT NO. 7,709,900

90.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.     IP Bridge is the owner of all rights, title, and interest in and under the '900 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

92.     The '900 Patent is valid and enforceable.

93.     OmniVision has at no time, either expressly or impliedly, been licensed under the '900 Patent.

94.     Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '900 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '900

Patent including, but not limited to, BSI image sensors incorporating OmniBSI-2 and/or PureCel technologies, and (2) devices that perform substantially the same function as an invention claimed in the '900 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '900 Patent include, but are not limited to, OmniBSI OV8850 (claims 1, 2, 4, 6) and PureCel OV8858 (claims 1, 2, 4, 6). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '900 Patent covers at least one infringing instrumentality is attached hereto as Exhibit S and incorporated herein by reference.

95.     OmniVision has had actual notice of its infringement of the '900 Patent since no later than March 28, 2016.

96.     OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '900 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '900 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '900 Patent, knowing those image sensors to be especially made or adapted to infringe the '900 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '900 Patent.

97.     OmniVision has and is continuing to willfully infringe the '900 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

## COUNT X
## PATENT INFRINGEMENT OF U.S. REISSUE PATENT NO. 41,867

98.     IP Bridge repeats and re-alleges the allegations in paragraphs 1-97 as though fully set forth herein.

99.     IP Bridge is the owner of all rights, title, and interest in and under the '867 Patent with full right to bring suit to enforce the patent, including the right to recover for past infringement damages.

100.    The '867 Patent is valid and enforceable.

101.    OmniVision has at no time, either expressly or impliedly, been licensed under the '867 Patent.

102.    Upon information and belief, OmniVision has been and now is directly, literally under 35 U.S.C. § 271(a), and/or equivalently under the doctrine of equivalents, infringing the '867 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '867 Patent including, but not limited to, BSI image sensors incorporating OmniBSI, OmniBSI-2, and/or PureCel technologies, and devices that perform substantially the same function as an invention claimed in the '867 Patent in substantially the same way to achieve substantially the same result. Upon information and belief, image sensors that infringe the '867 Patent include, but are not limited to, OmniBSI OV5650 (claims 11, 13), OmniBSI-2 OV8850 (claims 11, 13),

and PureCel OV8858 (claims 11, 13). To illustrate the infringements, a claim chart demonstrating how at least one claim of the '867 Patent covers at least one infringing instrumentality is attached hereto as Exhibit T and incorporated herein by reference.

103.    OmniVision has had actual notice of its infringement of the '867 Patent since no later than March 28, 2016.

104.    OmniVision has been and is continuing to actively and knowingly induce, with specific intent, infringement of the '867 Patent under 35 U.S.C. § 271(b) and contributes to the infringement of the '867 Patent under 35 U.S.C. § 271(c), by making, using, offering for sale, selling, and/or importing image sensors. OmniVision encourages and facilitates infringing sales and uses of image sensors through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and/or technical materials to manufacturers and/or distributors. OmniVision contributes to infringement by others, including manufacturers, distributors, and end users, knowing that its image sensors constitute a material part of the inventions of the '867 Patent, knowing those image sensors to be especially made or adapted to infringe the '867 Patent, and knowing that those image sensors are not staple articles or commodities of commerce suitable for substantial non-infringing use. OmniVision knew, or should have known, that its encouragement would result in infringement of at least one claim of the '867 Patent.

105.    OmniVision has and is continuing to willfully infringe the '867 Patent by, at minimum, continuing to engage in infringing activities after IP Bridge notified it of its infringement. For that reason, OmniVision has acted despite an objectively high likelihood that its actions constituted infringement of a valid patent and such objective risk of infringement was known to OmniVision or so obvious that OmniVision should have known it.

**CONCLUSION**

106.    Unless this Court enjoins OmniVision from continuing its patent infringements, IP Bridge will suffer additional irreparable harm and impairment of the value of its patent rights, for which no adequate remedy at law exists.

107.    IP Bridge is entitled to recover from OmniVision the damages sustained by IP Bridge as a result of OmniVision's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

108.    IP Bridge has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. This is an "exceptional case" under 35 U.S.C. § 285 for which the Court should award attorneys' fees to IP Bridge.

109.    IP Bridge reserves the right to amend, supplement, or modify its allegations of infringement as facts regarding such allegations arise during the course of this case.

**PRAYER FOR RELIEF**

IP Bridge prays for the following relief:

A.    A judgment that the OmniVision has infringed and continues to infringe each of the patents-in-suit as alleged herein;

B.    A judgment and order requiring the Defendant to pay IP Bridge damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

C.    A judgment and order requiring the Defendant to pay IP Bridge pre-judgment and post-judgment interest on the damages awarded;

D.      A judgment and order finding this to be an exceptional case and requiring the Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E.      A permanent injunction against the Defendant's direct infringement, active inducements of infringement, and/or contributory infringement of the IP Bridge Patents, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

F.      In the event a final injunction is not awarded, a compulsory on-going royalty; and

G.      Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

IP Bridge hereby demands a trial by jury of any and all causes of action.

DATED: April 22, 2016

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Phone:  (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Michael W. Shore (*pro hac vice* to be filed)
shore@shorechan.com
Alfonso Garcia Chan (*pro hac vice* to be filed)
achan@shorechan.com
Joseph F. DePumpo (*pro hac vice* to be filed)
jdepumpo@shorechan.com
Jennifer M. Rynell (*pro hac vice* to be filed)
jrynell@shorechan.com
Russell J. DePalma (*pro hac vice* to be filed)
rdepalma@shorechan.com
Ari Rafilson (*pro hac vice* to be filed)
arafilson@shorechan.com

SHORE CHAN DePUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

Hiromasa Ohashi (*pro hac vice* to be filed)
ohashi@ohashiandhorn.com
Jeff J. Horn Jr. (*pro hac vice* to be filed)
horn@ohashiandhorn.com
Cody A. Kachel (*pro hac vice* to be filed)
ckachel@ohashiandhorn.com

OHASHI & HORN LLP
1120 Avenue of the Americas, 4th Floor
New York, New York 10036
Telephone: (214) 743-4170
Facsimile: (214) 743-4179

**Attorneys for Plaintiff**
**Godo Kaisha IP Bridge 1**