IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-290-SLR |
| ) | |
| OMNIVISION TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of March, 2017, having reviewed the pending motion to transfer venue and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 10) is denied, for the reasons that follow:

1. **Background.** Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") is a Japanese corporation having its principal place of business in Tokyo, Japan. By complaint filed on April 22, 2016, IP Bridge sued defendant OmniVision Technologies, Inc. ("OmniVision") for infringement of ten patents that relate to image sensor technology. (D.I. 1, exs. A-J) With its answer to the complaint, OmniVision filed the instant motion for transfer of venue to the Northern District of California.

2. OmniVision is incorporated in the State of Delaware, with all of the attendant privileges and responsibilities of a citizen of this State (i.e., maintaining an agent, paying taxes, suing and being sued in the courts of this State, choosing Delaware law

as the governing law in contracts).[1] The headquarters for OmniVision are located in the Northern District of California and operate as its strategic center of business. Although the majority of the development of the accused image sensor products took place at OmniVision's headquarters, it outsources its wafer fabrication to manufacturers in Taiwan and China. According to its website, OmniVision was founded in 1995 and "develops and delivers advanced imaging solutions to a variety of industrial and consumer markets." OMNIVISION TECHNOLOGIES, http://www.ovt.com, (last visited Mar. 28, 2017). A review of the website, along with the financial information provided in the record,[2] can leave no doubt that OmniVision is an international business, and that Delaware has not been excluded as a market.[3]

3. **Standard.** The analytical framework for motions to transfer pursuant to 28 U.S.C. § 1404(a) are well known and will not be repeated here. *See, e.g., In re Link_A_ Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helico Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012). I have gleaned the following from the above case law: A plaintiff, as the injured party, has the privilege of initiating its litigation in the forum it chooses. A defendant's place of incorporation is always an appropriate forum in which to sue that defendant. The purpose of § 1404(a) is not to usurp plaintiff's choice, but to give courts the discretion to transfer if the interests of justice so dictate. The Third Circuit in

---

[1] *See* D.I. 23, ex. A.

[2] *See* D.I. 23, ex. D, the cover letter accompanying the 2015 Annual Report, wherein it is reported that OmniVision had annual 2015 revenues of $1.4 billion and more than $520 million in cash or cash equivalents.

[3] At the time of briefing, OmniVision did not know whether it had sold or offered the accused image sensor products for sale in Delaware. (D.I. 23, ex. A)

*Jumara* gave the courts some factors to balance in making their determination, keeping the above tenets in mind. As I have stated many times before, the *Jumara* factors must be viewed through a contemporary lens. In this regard, I have declined to transfer based on the location of potential witnesses and of books and records, as discovery is a local event[4] and trial is a limited event.[5] With respect to the factor related to "administrative difficulty from court congestion," the case management orders always start with the schedules proposed by the litigants. It has been my experience that most litigators (especially those representing defendants) are in no hurry to resolve the dispute; if there is a need to expedite proceedings, that need is generally accommodated by the court. In sum, these factors are neutral.

4. **Analysis.** It should be evident from my prior decisions that motions to transfer are generally denied in my cases, so long as at least two evidentiary bases are established: defendant is a Delaware corporation or limited liability company (i.e., it has accepted the benefits of organizing under the laws of the State of Delaware), and it does business on a national scale, including in Delaware. *See, e.g., Cradle IP, LLC v. Tex. Instruments, Inc.*, 923 F. Supp. 2d 696 (D. Del. 2013); *Scientific Telecommunications, LLC v. Adtran, Inc.* 2016 WL 1650760 (D. Del. April 25, 2016).

---

[4]Depositions generally are taken where the deponents reside, and books and records generally are kept in a digital format and easily transferable. To the extent that a defendant's books and records are still kept in "physical form" (hard to believe in this day and age), it would be a plaintiff's burden to travel for an inspection and/or to pay for copies.

[5]Not only are my trials timed events but, according to some scholars, "more than 97% of patent suits are settled before trial," Morgan, Paul, *Microsoft v. i4i - Is the Sky Really Falling?*, PatentlyO (Jan. 9, 2011), a figure consistent with national statistics about civil suits in general, Denlow, Morton, Hon. Ret., *Magistrate Judges' IMportant Role in Settling Cases,* The Federal Lawyer, 101 (May/June 2014) ("In 2012, less than 2 percent of federal civil cases went to trial.").

The instant case more than satisfies these two requirements. As a business player in the world's markets, there is no undue burden associated with litigating in Delaware. Moreover, given its international imprint and the national implications of patent litigation - constitutional rights reviewed first by a federal agency and ultimately by a national, not regional, court of appeals - there are no parochial interests that justify transfer. Transfer of the above-captioned case to the United States District Court for the Northern District of California, therefore, does not serve the interests of justice. OmniVision's motion to transfer is denied.

_____
Senior United States District Judge