

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Bindu A. Palapura**
Partner
Attorney at Law
bpalapura@potteranderson.com
302 984-6092 Direct Phone
302 658-1192 Firm Fax

January 11, 2018

**VIA ELECTRONIC FILING**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    *Godo Kaisha IP Bridge 1 V. OmniVision Technologies, Inc.*
            **C.A. No. 16-290-JFB-SRF**

Dear Magistrate Judge Fallon:

    OmniVision Technologies, Inc. ("OmniVision") respectfully submits this letter in advance of the teleconference set for January 17, 2018 at 2:00 p.m. The parties have reached agreement on almost all aspects of the proposed Protective Order (Exhibit A, with disputed language highlighted), including numerous provisions to protect the highly confidential documents and source code that OmniVision has or will be required to produce, to the extent such materials exist. Only two related disputes remain regarding the proposed Protective Order:

1) Whether a patent prosecution bar should be included (Exhibit A ¶ 7.5); and

2) Whether a party must disclose patents and patent applications filed by its experts (Exhibit A ¶ 7.4(a)).

Because of the sensitive nature of OmniVision's highly confidential technical information and the potential harm that could arise from its misuse, OmniVision seeks a Court order that the proposed patent prosecution bar and expert disclosure requirement be included in the Protective Order.

    OmniVision is a leading developer of advanced digital imaging solutions headquartered in Santa Clara, CA. Its products include image sensors that use a technology called back-side illumination. Godo Kaisha IP Bridge 1 ("IP Bridge") is a subsidiary of IP Bridge, Inc., a Japanese patent fund that was created to acquire, license, and assert patents. In this case, IP Bridge accuses OmniVision image sensors with back-side illumination technology of infringing seven patents. OmniVision has and will produce highly confidential technical information about the accused products, including documents and source code, to the extent they exist.

    Another action between the same parties is pending in the Northern District of California as case no. 5:17-cv-00778-BLF ("California Case"). There, IP Bridge has asserted a different patent against OmniVision's image sensors. An analogous dispute arose between the two parties as to the existence and scope of a prosecution bar. OmniVision initially proposed the bar apply to the prosecution of patents or patent applications relating to "image sensors," while IP Bridge

initially proposed the bar should be limited to "the design of stacked die image sensors, in which an imaging chip is stacked on an image processing chip." Exhibit B (D.I. 91 in California Case) at 1. The court issued an interim order finding OmniVision's proposed bar too broad and IP Bridge's proposed bar too narrow. Exhibit C (D.I. 96 in California Case) at 2, item (3). Accordingly, the court ordered the parties to continue to meet and confer with the aim of reaching agreement based on guidance from the court. *Id*. After such meet and confers, the parties agreed on the form of the protective order and submitted it to the court. The court entered the protective order on January 4, 2018. Exhibit D (D.I. 107 in California Case with corresponding provisions highlighted). There, the agreed upon language for the prosecution bar is "patents or patent applications relating to backside-illumination ("BSI") image sensors, including without limitation the patents asserted in this action ("the patents-in-suit") and any patent or application claiming priority to or otherwise related to the patents asserted in this action . . . ." Exhibit D ¶ 8. The parties also agreed that, before showing protected information to an expert, a party has to disclose the following information: "all patents and pending patent applications by the Expert." Exhibit D ¶ 7.4(a). The parties further agreed that: "If the Expert files any patent application during this litigation, the Party disclosing the Expert must disclose it within two weeks of learning of its filing." *Id*.

OmniVision proposed to IP Bridge a prosecution bar having the same scope as the prosecution bar that was agreed to in the California Case, namely preventing prosecution of patents and patent applications, including the ones asserted in this action, that relate to "backside-illumination ("BSI") image sensors." Because this proposed bar is identical to the one that the parties agreed to in the California Case, the proposed bar adds no more burden to IP Bridge than the protective order in that case.

As the Federal Circuit noted in *Deutsche Bank*, "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well intentioned the effort may be to do so." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010). This concern arises in cases like the present when someone who receives highly confidential information about accused products may then go on to prosecute patents related to the products. *Id*. at 1379. Patent prosecution "in which an attorney might inadvertently utilize a competitor's confidential information in determining how to craft new patent claims that could read on the competitor's products—carries with it a particularly significant risk of competitive misuse." *Phishme, Inc. v. Wombat Sec. Techs., Inc.*, C.A. No. 16-403-LPS-CJB, 2017 U.S. Dist. LEXIS 150862, at *18 (D. Del. Sept. 18, 2017) (citing *in re Deutsche Bank*, 605 F.3d at 1380). Recognizing this risk, Delaware courts have ordered the inclusion of a patent prosecution bar in the Protective Order for numerous patent cases, including another case involving OmniVision before this Court. *See Collabo Innovations, Inc. v. OmniVision Tech., Inc.,* C.A. No. 16-197 – JFB-SRF, D.I. 44 (D. Del. March 1, 2017); *see also, e.g., Data Engine Tech. LLC v. Google, Inc.*, C.A. No. 14-1115-LPS, D.I. 31-1 (D. Del. Apr. 8, 2015); *TQ Beta, LLC v. DISH Network Corporation et al*, C.A. No. 14-848-LPS, D.I. 30-1 (D. Del. Apr. 1, 2015); *Intellectual Ventures I LLC et al v. AT & T Mobility LLC et al*, C.A. No. 13-1668-:PS, D.I. 75-1 (D. Del. Dec. 16, 2014).

IP Bridge contends that a patent prosecution bar should not apply in this case because Delaware does not have a model protective order that includes a prosecution bar. However, Delaware has no default protective order. IP Bridge further contends that a prosecution bar may hinder its ability to retain and work with an expert because at least one of its intended experts for

the case is *already* involved in prosecution as *inventors* of patents directed to image sensor technology. But this fact only raises the likelihood of potential misuse of OmniVision's confidential information. Moreover, the proposed prosecution bar does not prevent IP Bridge from retaining a different expert that is not prosecuting patents in the subject technology.

The scope of the patent prosecution bar provision proposed by OmniVision in this case is limited and reasonable. It applies only to individuals with access to the two highest confidentiality levels, one of which is directed to source code. *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016) ("[I]t is well recognized among [district] courts that source code requires additional protections to prevent improper disclosure because it is often a company's most sensitive and most valuable property"). Moreover, IP Bridge already agreed to the identical limitation in the California case.

IP Bridge has refused to propose any alternative scope of prosecution bar or refused to exclude the one or more experts it appears to have retained from access to OmniVision's highly confidential information. Instead it seeks no prosecution bar. This extreme proposal presents the very real risk of misuse of OmniVision's highly confidential technical information to seek and obtain claims that include Omnivision technology and/or cover on OmniVision products. That is precisely the risk that a prosecution bar protects against and the reason that it is appropriate here. *In re Deutsche Bank*, 605 F.3d at 1379-80 (explaining that "strategically amending or surrendering claim scope during prosecution" posed a significant risk of inadvertent disclosure); *Versata Software, Inc. v. Callidus Software Inc.*, C.A. No. 12-931-SLR, 2014 U.S. Dist. LEXIS 40469, at *4 (D. Del. Mar. 12, 2014) (applying prosecution bar to experts and consultants, in addition to counsel).

In addition, OmniVision believes that it is appropriate for the Protective Order to include an obligation for experts seeking to be qualified under the Protective Order to disclose all patents and patent applications by the proposed expert, including those filed during the pendency of the case. While IP Bridge has not identified any proposed expert yet, its representation that one or more are *already* involved in prosecution of image sensor patents gives rise to a heightened concern. It appears that IP Bridge intends to disclose OmniVision's highly confidential information to a third party inventor of patents in the image sensor space, exacerbating the potential for misuse. For this reason, the procedures that precede an expert's access to confidential information should include disclosure of an expert's patent and patent applications, including those filed during the litigation. In the California Case, OmniVision requested this provision and IP Bridge agreed to include it. This obligation imposes no more burden on IP Bridge than it already shoulders in the California Case.

IP Bridge contends that the scope of the bar agreed to in the California case would somehow be broader when applied in this case due to the language in the proposed clause "including without limitation the patents asserted in this action ("the patents-in-suit") and any patent or application claiming priority to or otherwise related to the patents asserted in this action." This is apparently because the asserted patents in this case relate to more than just backside-illumination image sensors—they relate to integrated circuits, imaging devices, and methods of fabrication. But the second clause of the prosecution bar is not intended to enlarge the technological scope of the bar, just to ensure that the bar includes continued prosecuting of the asserted patents and their family members as it relates to "backside-illumination image sensors." Indeed, IP Bridge's argument demonstrates that OmniVision's proposal for a

The Honorable Sherry R. Fallon
January 11, 2018
Page 4

prosecution bar is already narrower than the technical fields of the patents-in-suit. To alleviate IP Bridge's concern OmniVision is amenable to clarifying the language in the prosecution bar to ensure that the technological scope of the bar is limited to "back-side illumination image sensors." In this regard, IP Bridge has never offered a counter position on scope—its position has consistently been that there should be no prosecution bar whatsoever.

IP Bridge has also contends that it only agreed to a bar in the California Case, because the courts in the Northern District of California presume that a bar is reasonable and because the bar is included in a model protective order. Exhibit D at 13 n. 5. As discussed above, this argument is a red herring, because Delaware does not have a default protective order. Regardless, the California court already recognized the importance of a prosecution bar when it reject the overly narrow subject scope of the bar IP Bridge proposed in that case, i.e. "the design of stacked die image sensors." The California court disagreed with IP Bridge's narrow prosecution bar and ordered the parties to agree to a bar that was somewhere between the parties initial proposals in that case, which the parties did. With its narrower bar rejected in the California Case, IP Bridge now takes an even more extreme position before this Court—that no prosecution bar should apply. The Court should reject that position.

Recently, Chief Judge Stark weighed the risks of inadvertent misuse of confidential information during prosecution against the burden on plaintiff's choice of counsel and experts and concluded that the former outweighed the latter. In concluding that a bar was appropriate, the Court stated that the risk of misuse "is greater than Defendants should have to bear solely as a result of being sued by Plaintiff." *Princeton Digital Image Corporation v. Netflix, Inc.*, C.A. No. 13-328-LPS, D.I. 35 (D. Del. Dec. 13, 2017). Because the same conclusion is appropriate here, OmniVision respectfully requests that the Court enter a Protective Order that includes Defendants' proposed patent prosecution bar and expert disclosures.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:sjh 5600442/43303
Enclosures
cc: Clerk of the Court (via hand delivery) (w/enc.)
All Counsel of Records (via electronic mail) (w/enc.)